IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | |
| Restorative Brain Clinic, Inc. | Case No. 21-40866-drd7 |
| Debtor. | |
| Victor F. Weber, Trustee | Adv. No. 23-4022-drd |
| Plaintiff. | |
| v. | |
| William Said, *et al.* | |
| Defendant. | |

## **DEFENDANT WILLIAM SAID'S ANSWER TO COMPLAINT**

**COMES NOW** Defendant William Said by and through undersigned counsel, and for his

Answer to Plaintiff's Complaint states as follows:

## **PARTIES**

1.   Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.   Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.   Defendant is without sufficient information to admit or deny the allegations contained
in Paragraph 3 of the Complaint and therefore denies as such.

4.   Defendant is without sufficient information to admit or deny the allegations contained
in Paragraph 4 of the Complaint and therefore denies as such.

5.   Defendant is without sufficient information to admit or deny the allegations contained
in Paragraph 5 of the Complaint and therefore denies as such.

6.   Defendant is without sufficient information to admit or deny the allegations contained
in Paragraph 6 of the Complaint and therefore denies as such.

1

7.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies as such.

8.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies as such.

9.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies as such.

10.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies as such.

11.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies as such.

## JURISDICTION AND VENUE

12.   Defendant admits the allegations contained in Paragraph 12 of the Complaint

13.   Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.   Defendant admits the allegations contained in Paragraph 14 of the Complaint.

## GENERAL ALLEGATIONS

### The Bankruptcy Case

15.   Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.   Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.   Defendant admits the allegations contained in Paragraph 17 of the Complaint.

### The Debtor

18.   Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.   Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.   Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

**The Debtor's Alleged Theft of a Medical Machine is Discovered**

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies as such.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint as to the number of payments made to Ascentium Capital but denies the remaining allegations. The equipment was not operational, and Debtor was working with Ascentium on replacement equipment.

26. Defendant admits that the equipment was transferred as alleged in Paragraph 26 of the Complaint but denies that there was no consideration.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegation contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint but affirmative states that two offers were made to Ascentium but were denied.

*The Debtor was Insolvent from August of 2019 to the Present*

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies as such.

3

35. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore denies as such.

## Fictitious Entities Are Created to Hide the Debtor's Funds From Its Creditors

*Michelle Durbin*

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies as such.

39. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint and therefore denies as such.

40. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore denies as such.

41. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies as such.

42. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies as such.

43. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore denies as such.

44. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore denies as such.

45. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore denies as such.

46. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore denies as such.

47. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies as such.

48. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies as such.

49. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies as such.

50. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies as such.

51. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies as such.

52. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies as such.

53. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies as such.

54. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies as such.

55. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies as such.

56. Defendants is without sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies as such.

57. Defendants is without sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore denies as such.

58. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 58 of the Complaint and therefore denies as such.

59. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 59 of the Complaint and therefore denies as such.

60. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies as such.

61. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 61 of the Complaint and therefore denies as such.

*Michelle Durbin Pays Herself and Family Members With Debtor's Funds*

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant admits the allegations contained in Paragraph 63 of the Complaint.

64. Defendant admits the allegations contained in Paragraph 64 of the Complaint as they relate to Patrick Cahill.  Defendant denies the allegations as they relate to Tatum Cosgrove. Defendant is without sufficient information to admit or deny the allegations as they relate to Lisa DeRose.

65. Defendant admits that Lyndsay South worked for Debtor as alleged in Paragraph 65 but denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint does not contain a factual allegation and therefore no response is required.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 67 of the Complaint and therefore denies as such.

68. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 68 of the Complaint and therefore denies as such.

69. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 69 of the Complaint and therefore denies as such.

70. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 70 of the Complaint and therefore denies as such.

71. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 71 of the Complaint and therefore denies as such.

72. Paragraph 72 of the Complaint does not contain a factual allegation and therefore no response is required.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 73 of the Complaint and therefore denies as such.

74. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 74 of the Complaint and therefore denies as such.

75. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 75 of the Complaint and therefore denies as such.

76. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 76 of the Complaint and therefore denies as such.

77. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 77 of the Complaint and therefore denies as such.

78. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 78 of the Complaint and therefore denies as such.

79. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 79 of the Complaint and therefore denies as such.

80. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 80 of the Complaint and therefore denies as such

## COUNT ONE – AVOIDANCE OF FRAUDULENT TRANSFERS, 11 USC §548 AND UFTA

81. Defendant repeats and realleges the answers of Paragraph 1 through 80 of this Answer as if fully set forth herein.

82. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 82 of the Complaint and therefore denies as such.

83. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 83 of the Complaint and therefore denies as such.

84. Paragraph 84 does not contain a factual allegation and as such no response is required.

85. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 85 of the Complaint and therefore denies as such.

86. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 86 of the Complaint and therefore denies as such.

87. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 87 of the Complaint and therefore denies as such.

88. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 88 of the Complaint and therefore denies as such.

89. Defendant admits the allegations contained in Paragraph 89 of the Complaint but affirmative states that Michelle Durbin's control was due to fraudulent activities.

90. Defendant admits the allegations contained in Paragraph 90 of the Complaint.

91. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 91 of the Complaint and therefore denies as such.

92. Paragraph 92 contains a legal conclusion and as such no response is required.  In as much as a response is required, Defendant denies the allegations contained in Paragraph 92 of the Compliant.

93. Paragraph 93 contains a legal conclusion and as such no response is required.  In as much as a response is required, Defendant denies the allegations contained in Paragraph 92 of the Compliant.

94. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 94 of the Complaint and therefore denies as such.

WHEREFORE Defendant requests this Court enter the appropriate judgment on Count One of the Complaint.

## COUNT TWO – MONEY HAD AND RECEIVED AND UNJUST ENRICHMENT

95. Defendant repeats and realleges the answers of Paragraph 1 through 94 of this Answer as if fully set forth herein.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 98 of the Complaint

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint. The In-kind Transfers were repayment for previously issued loans from Defendant to Debtor.

100.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 100 of the Complaint

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint

103.    Defendant was not defined as an Insider. Insomuch as a response is required, Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant was not defined as an Insider. Insomuch as a response is required, Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant was not defined as an Insider. Insomuch as a response is required, Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant admits the allegations contained in Paragraph 106 of the Complaint as they relate to the Transfers existing but denies that Michelle Durbin had any authority to authorize said Transfers.

107.    Defendant was not defined as an Insider. Insomuch as a response is required, Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 110 of the Complaint and therefore denies as such.

111.    Defendant was not defined as an Insider. Insomuch as a response is required, Defendant denies the allegations contained in Paragraph 111 of the Complaint

WHEREFORE Defendant requests this Court deny the relief sought in Count Two of the Complaint.

## COUNT THREE – RECOVERY OF FRAUDULENT TRANSFERS

112.    Defendant repeats and realleges the answers of Paragraph 1 through 112 of this Answer as if fully set forth herein.

113.    Paragraph 113 contains a legal conclusion and as such no response is required.  In as much as a response is required, Defendant denies the allegations contained in Paragraph 113 of the Compliant.

114.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 114 of the Complaint and therefore denies as such.

115.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 115 of the Complaint and therefore denies as such.

116.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 116 of the Complaint and therefore denies as such.

117.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 117 of the Complaint and therefore denies as such.

118.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 118 of the Complaint and therefore denies as such.

119.    Defendant denies the allegations contained in Paragraph 119 of the Complaint.

WHEREFORE Defendant requests this Court deny the relief sought in Count Three of the Complaint.

## COUNT FOUR – AVOIDANCE OF FRAUDULENT TRANSFERS, 11 USC §548 and UFTA V. LINDSAY SOUTH

120.    Defendant repeats and realleges the answers of Paragraph 1 through 119 of this Answer as if fully set forth herein.

121.    Defendant admits the allegations contained in Paragraph 121 of the Complaint.

122.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 122 of the Complaint and therefore denies as such.

123.    Defendant admits the allegations contained in Paragraph 123 of the Complaint but affirmatively states that the application was prepared fraudulently by Lindsey South and Defendant had no part in the preparation of said application.

124.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 124 of the Complaint and therefore denies as such.

125.    Defendant admits the allegations contained in Paragraph 125 of the Complaint but affirmatively states that the promissory note in his name was prepared fraudulently by Lindsey South and Defendant had no part in the preparation of said promissory note.

126.    Defendant admits the allegations contained in Paragraph 126 of the Complaint but affirmatively states that the account agreement was prepared fraudulently by Lindsey South and Defendant had no part in the preparation of said agreement.

127.    Defendant admits the allegations contained in Paragraph 127 of the Complaint.

128.    Defendant admits the allegations contained in Paragraph 128 of the Complaint but affirmatively states that the promissory note in his name was prepared fraudulently by Lindsey South and Defendant had no part in the preparation of said promissory note.

129.    Defendant admits the allegations contained in Paragraph 129 of the Complaint but Defendant did not discover this until after the deposits were made.

130.    Defendant admits the allegations contained in Paragraph 130 of the Complaint but Defendant did not discover this until after the deposits were made.

131.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 131 of the Complaint and therefore denies as such.

132.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 132 of the Complaint and therefore denies as such.

133.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 133 of the Complaint and therefore denies as such.

134.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 134 of the Complaint and therefore denies as such.

135.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 135 of the Complaint and therefore denies as such.

136.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 136 of the Complaint and therefore denies as such.

137.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 137 of the Complaint and therefore denies as such.

138.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 138 of the Complaint and therefore denies as such.

139.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 139 of the Complaint and therefore denies as such.

140.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 140 of the Complaint and therefore denies as such.

141.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 141 of the Complaint and therefore denies as such.

WHEREFORE Defendant requests this Court enter the appropriate judgment on Count Four of the Complaint.

### COUNT FIVE – AVOIDANCE OF PREFERENTIAL TRANSFERS

142.    Defendant repeats and realleges the answers of Paragraph 1 through 147 of this Answer as if fully set forth herein.

143.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 143 of the Complaint and therefore denies as such.

144.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 144 of the Complaint and therefore denies as such.

145.    Paragraph 145 of the Complaint contains a legal conclusion and as such no response is required.  In as much as a response may be required, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 145 and therefore deny as such.

146.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 146 of the Complaint and therefore denies as such.

147.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 147 of the Complaint and therefore denies as such.

148.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 148 of the Complaint and therefore denies as such.

149.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 149 of the Complaint and therefore denies as such.

150.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 150 of the Complaint and therefore denies as such.

WHEREFORE Defendant requests this Court enter the appropriate judgment on Count Five of the Complaint.

**COUNT SIX – MONEY HAD AND RECEIVED AND UNJUST ENRICHMENT**

151.     Defendant repeats and realleges the answers of Paragraph 1 through 150 of this Answer as if fully set forth herein.

152.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 152 of the Complaint and therefore denies as such.

153.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 153 of the Complaint and therefore denies as such.

154.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 154 of the Complaint and therefore denies as such.

155.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 155 of the Complaint and therefore denies as such.

156.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 156 of the Complaint and therefore denies as such.

157.     Defendant admits the allegations contained in Paragraph 157 of the Complaint but affirmatively states that the request was prepared fraudulently by Lindsey South and Defendant had no part in the preparation of said request.

158.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 158 of the Complaint and therefore denies as such.

159.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 159 of the Complaint and therefore denies as such.

WHEREFORE Defendant requests this Court enter the appropriate judgment on Count Six of the Complaint.

**COUNT SEVEN – RECOVERY OF FRAUDULENT TRANSFERS**

160.    Defendant repeats and realleges the answers of Paragraph 1 through 159 of this Answer as if fully set forth herein.

161.    Paragraph 161 of the Complaint contains a legal conclusion and as such no response is required.  In as much as a response may be required, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 161 and therefore deny as such.

162.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 162 of the Complaint and therefore denies as such.

163.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 163 of the Complaint and therefore denies as such.

164.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 164 of the Complaint and therefore denies as such.

165.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 165 of the Complaint and therefore denies as such.

WHEREFORE Defendant requests this Court enter the appropriate judgment on Count Seven of the Complaint.

## COUNT EIGHT – BREACH OF FIDUCIARY DUTY

166.     Defendant repeats and realleges the answers of Paragraph 1 through 165 of this Answer as if fully set forth herein.

167.     Defendant admits the allegations contained in Paragraph 167 of the Complaint.

168.     Defendant admits the allegations contained in Paragraph 168 of the Complaint.

169.     Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170.     Defendant denies the allegations contained in Paragraph 170 of the Complaint.

171.     Defendant admits that he was unaware of the Corporate Transfers as alleged in Paragraph 171 of the Complaint but denies that this breached any duties he held to Debtor as the Corporate Transfers were done fraudulently.

172.     Defendant denies the allegations contained in Paragraph 172 of the Complaint.

173.     Defendant denies the allegations contained in Paragraph 173 of the Complaint.

174.     Defendant denies the allegations contained in Paragraph 174 of the Complaint.

175.     Defendant denies the allegations contained in Paragraph 175 of the Complaint.

176.     Defendant denies the allegations contained in Paragraph 176 of the Complaint.

WHEREFORE Defendant requests this Court deny the relief sought in Count Eight of the Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that the Defendant bears the burden of proof on any of the issues, below, Defendant asserts the following affirmative defenses:

17

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff is barred from recovering the transfers pursuant to 11 U.S.C. § 548 because the Debtors were solvent and were not rendered insolvent or left with unreasonably small capital as a result of any transactions with Defendant.

2.      Furthermore, while there is a presumption that the Debtors were insolvent on and during the 90 days preceding the filing of the petition, that presumption is rebuttable.

3.      For these reasons, the transfers are not avoidable by Plaintiff and may not be recovered by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred pursuant to 11 U.S.C. § 550(b)(1) because Defendant, to the extent it received any transfers, took the transfers for value, in good faith, and without knowledge of the avoidability of the transfers.

5.      For these reasons, the transfers are not avoidable by Plaintiff and may not be recovered by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred pursuant to 11 U.S.C. § 550(b)(2) because Defendant, to the extent it received any transfers, was a transferee of a transferee who took the allegedly fraudulent transfers for value, in good faith, and without knowledge of the avoidability of the transfers.

7.      For these reasons, the transfers are not avoidable by Plaintiff and may not be recovered by Plaintiff.

18

## FOURTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred because Defendant, to the extent it received any transfers, was at all times a good faith transferee for reasonably equivalent value.

9.      For these reasons, the transfers are not avoidable by Plaintiff and may not be recovered by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

10.      Plaintiff's claims are barred because Plaintiff has failed to plead fraud on the part of the Defendant with particularity as required by Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009(b).

11.      For these reasons, the transfers are not avoidable the Plaintiff and may not be recovered by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

12.      The claims of Plaintiff are barred because Defendant lacked actual knowledge of fraud, misappropriation, or any other misconduct on the part of the Debtor and/or anyone acting by, through, for, or against it.

13.      For these reasons, the transfers are not avoidable by Plaintiff and may not be recovered by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

14.      The claims of Plaintiff are barred due to Debtor's contributory negligence.

15.      The claims are brought by Plaintiff under his authority as a Chapter 7 Trustee of the Debtor.  The contributory negligence of the Debtor relating to the Transfers and actions described above make the transfers not avoidable to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

16.    The claims of Plaintiff are barred due to Defendant's lack of knowledge of the events.

17.    Defendant lacked actual knowledge of fraud, misappropriation, or any other misconduct on the part of the Debtor and/or anyone acting by, through, for, or against it.

18.    The Defendant hereby gives notice that it intends to rely up on such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their Answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended to and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

Respectfully,

SADER LAW FIRM, LLC

/s/ *Bradley D. McCormack*
Bradley D. McCormack, MO 54338
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108
Office: 816-561-1818
Direct Dial: 816-595-1802
Fax: 816-561-0818
bmccormack@saderlawfirm.com

## <u>CERTIFICATE OF SERVICE (ECF)</u>

The undersigned hereby certifies that a true and correct copy of the foregoing, along with any attachments, was served upon all parties and others receiving electronic service through the U.S. Bankruptcy Court's ECF System, and by First Class U.S. Mail, postage prepaid, upon the parties requesting notice listed below on September 14, 2023.


/s/ *Bradley D. McCormack*
Bradley D. McCormack, Attorney


s:\said, william\chapter 7 pleadings\adversary\2023.08.18- answer & affirmative defenses.docx